**UNITED STATES of America**

v.

**William Oscar HARRIS a/k/a Oscaro El Hari Bey**

**William Oscar Harris, Appellant**

**United States of America**

v.

**Arthur Thomas Outterbridge, a/k/a Arthor Tomas Ottobrice Bey**

**Arthur T. Outterbridge, Appellant**

**United States of America**

---

Robert McCurdy, a/k/a Al Ruberto
Moor Core Dey

Robert McCurdy, Appellant

United States of America

v.

Reginald M. Wooten aka
Noble R. Asanti Ali

Reginald M. Wooten, Appellant

United States of America

v.

Reginald David Lundy aka Noble
R. Dauud Lundi El Bey

Reginald David Lundy, Appellant.

Nos. 04–4115, 04–4174, 04–4182,
04–4190, 04–4281.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) March 3, 2008.

Filed: March 31, 2008.

Mark E. Coyne, Esq., George S. Leone, Esq., Newark, NJ, for Appellee.

Edward F. Borden, Jr., Esq., Cherry Hill, NJ, for Appellant.

Before: BARRY, JORDAN and HARDIMAN, Circuit Judges.

OPINION

PER CURIAM.

On July 2, 2004, a jury found William Oscar Harris, Reginald Lundy, Reginald Wooten, Arthur Outterbridge, and Robert McCurdy guilty on all counts of a twenty-three count indictment charging each of them with one count of conspiracy to pro-duce and pass false and fictitious money orders, in violation of 18 U.S.C. § 371, and multiple counts of willfully, knowingly, and with intent to defraud, passing, issuing or transmitting false and fictitious securities or other instruments, in violation of 18 U.S.C. §§ 514(1)(2) and 2. Following sentencing, notices of appeal were filed. We have jurisdiction to review the judgments of sentence pursuant to 28 U.S.C. § 1291.

Appellants, in their joint brief, raise a host of issues on appeal. Rather than paraphrase those issues, we will set them forth verbatim as they appear in the Table of Contents of appellants' brief:

"POINT 1 THE DISTRICT COURT ERRED BY ADMITTING IN EVIDENCE AN IRRELEVANT AND UNDULY PREJUDICIAL INTERNAL ·MEMORANDUM BY A MORTGAGE COMPANY THAT ALSO CONSTITUTED INADMISSIBLE LAY OPINION TESTIMONY.

POINT 2 THE DISTRICT COURT ERRED BY ADMITTING AN ANONYMOUS FAX SOLELY AGAINST DEFENDANT LUNDY WHICH FAX WAS IRRELEVANT AND UNFAIRLY PREJUDICIAL AS TO LUNDY'S CODEFENDANTS.

POINT 3 THE DISTRICT COURT UNFAIRLY PREJUDICED THE APPELLANTS WHEN IT BOLSTERED THE GOVERNMENT EXPERTS' CREDIBILITY BY TAKING JUDICIAL NOTICE OF DOCUMENTS ABOUT WHICH THE EXPERTS HAD ALREADY TESTIFIED.

POINT 4 THE DISTRICT COURT ERRED WHEN IT TOOK JUDICIAL NOTICE OF THE SUNDRY FREE MOORS ACT OF 1790 AND THE MOORS FED FINANCIERS

ACT BECAUSE THE COURT HAD NO BASIS TO DETERMINE THE ACCURACY OF THE JUDICIALLY NOTICED FACTS.

POINT 5 THE DISTRICT COURT ERRED BY PRECLUDING ADMISSION IN EVIDENCE OF CO-DEFENDANT HARRIS' OUT OF COURT STATEMENT TO ALINE BENNETT TO TELL THE TRUTH DURING HER GRAND JURY TESTIMONY.

POINT 6 THE DISTRICT COURT ERRED BY PERMITTING THE EXPERT TESTIMONY OF GOVERNMENT WITNESS KERR AS IT WAS NOT WITHIN THE SCOPE OF THE GOVERNMENT'S INITIAL WRITTEN SUMMARY AS REQUIRED BY RULE 16(a)(1)(G) AND WAS UNFAIRLY PREJUDICIAL UNDER FED. R. EVID. 403.

POINT 7 THE DISTRICT COURT ERRED WHEN IT HELD DOCUMENTS THAT WERE ATTACHED TO A CERTIFICATION WERE SELF–AUTHENTICATING DESPITE NO REFERENCE TO THE DOCUMENTS WITHIN THE CERTIFICATION.

POINT 8 APPELLANTS WERE NOT FOUND GUILTY BEYOND A REASONABLE DOUBT OF CRIMINAL CONTEMPT CONSTITUTING OBSTRUCTION OF JUSTICE.

    A.  The Right to an Independent Tribunal is Fundamental

    B.  Distinguishing Civil versus Criminal Contempt

POINT 9 THE DEFENDANTS CONVICTIONS MUST BE REVERSED BECAUSE THEY HAD A VALID GOOD FAITH DEFENSE."

We have reviewed the record and the submissions of the parties and conclude, without further discussion, that each of the issues raised by appellants is without merit. *See, e.g., United States v. Gomez,* 237 F.3d 238, 239 (3d Cir.2000). We will, therefore, affirm the judgments of sentence.